In re **MUSHROOM TRANSPORTATION CO., INC. Debtor.**

**MUSHROOM TRANSPORTATION CO., INC. Plaintiff,**

v.

**CONTINENTAL BANK**

**and**

**Transport Insurance Company Defendants.**

Bankruptcy No. 85–02575G.
Adv. No. 86–1007G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 20, 1987.

---

417

Thomas M. Jackal, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for debtor/plaintiff, Mushroom Transportation Co., Inc.

Bonnie Glantz Fatell, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant, Continental Bank.

Raymond T. Cullen, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant, Transport Insurance Company.

## MEMORANDUM

BRUCE FOX, Bankruptcy Judge:

On March 24, 1986, this court entered an order authorizing the debtor to employ Deric Associates, Inc. ("Deric") to assist the debtor in collecting monies allegedly due the debtor from Transport Insurance Group. The order authorized the compensation of Deric on a 10% contingent fee basis as to all funds collected from the insurance company. Subsequently, on August 26, 1986, the debtor commenced this adversary proceeding.

Defendant Transport Insurance Co. ("Transport") has filed a motion *in limine* to preclude the debtor from calling Deric as a witness at trial on the ground that the contingent fee arrangement bars Deric from testifying as an expert. Transport also requests that the court preclude Deric from assisting in the preparation of any witness' trial testimony and deny the debtor the right to use at trial any documents prepared by Deric.

For the reasons set forth below, the motion will be granted in part and denied in part.

■ The main thrust of Transport's argument is that Code of Professional Responsibility expressly forbids contingent fee arrangements for witnesses.[1] *See* Code of Professional Responsibility DR 7-109(C), EC 7-28. Such arrangements have been criticized with respect to expert witnesses in particular. *E.g., Gediman v. Sears, Roebuck & Co.*, 484 F.Supp. 1244 (D.Mass.1980). *Contra* Comment, *Why Not Contingent Fees for Expert Witnesses?*, 39 U.Pitt.L.Rev. 511 (1978). The debtor counters by pointing out that Deric was not hired on a contingent fee basis to be an expert witness at trial. Rather, according to the debtor, his testimony is merely a consistent and logical part of his overall court-approved role as an insurance professional collecting money allegedly due to the estate. The debtor also points out that Transport has cited no case in which a witness' testimony has actually been

---

1. Transport also argues that the contingent fee agreement prevents Deric from being a disinterested person as required by the Bankruptcy Code and that the anticipated testimony requires activities which exceed the scope of the court authorized employment. I reject the argument that a contingent fee agreement renders Deric an interested person. *See* 11 U.S.C. § 328(a). Nor has Transport convinced me that Deric's activities have exceeded the scope of his authorized employment. Even if these assertions were correct, it would not necessarily follow that the rules of evidence would bar the proffered testimony.

barred because his compensation was governed by a contingent fee agreement.

[2] While the parties have not addressed the issue, it appears that this evidentiary issue should be determined in accordance with Pennsylvania law. *See* Fed. R.Evid. 601 (when state law supplies the rule of decision in a case, the competency of a witness shall be determined in accordance with state law).[2] In Pennsylvania, the leading appellate decision has expressed the traditional view that contingent witness fees inevitably tend to bias the witness and encourage perjury. *Belfonte v. Miller*, 212 Pa.Super. 508, 243 A.2d 150 (1968). *Belfonte* involved an action by the expert witness against the party for whom he testified to enforce his contingent fee arrangement. Based upon policy concerns, the Superior Court held the fee agreement invalid and refused to enforce the contract. However, the court's reasoning persuades me that if the state court were aware of the contingent fee agreement *prior* to the witness' testimony, the court would bar the testimony.

In addition, the court in *Belfonte* rejected the same distinction offered by the debtor here: between a contingent fee contract to serve as a witness and a more general services contract which may incidentally lead the expert to serve as a witness only after providing other services. The court concluded, on the facts before it, that use of the expert in judicial proceedings was the parties' immediate motivating factor when they made their agreement. Here, it is more likely than not that the debtor and Deric at least contemplated litigation when they obtained court approval for Deric's employment.[3]

■ My reading of *Belfonte* and the Code of Professional Responsibility [4] leads me to conclude that the contingent fee agreement renders Deric incompetent to testify at trial at this time. It does not follow, however, that the defect is irremediable, as Transport suggests. *See* Transport's Memorandum at 5–6. If the method of compensation were altered, there would be no apparent bar to the testimony; the witness' stake in the litigation would be eliminated, thereby significantly meeting the policy concerns expressed in *Belfonte*. Of course, the witness would still be subject to impeachment on the ground of bias with respect to evidence prepared and opinions formulated during the period in which the witness labored under the contingent fee agreement.[5]

■ In reaching this conclusion, I exercise my discretion consistent with the policy of Fed.R.Evid. 601 which favors the allowance of testimony. *See* Fed.R.Evid. 601, Advisory Committee Note. The debtor has also pointed out that the fee arrangement was judicially approved and that this case involves a technical area of insurance law requiring the use of expert testimony. It appears that the debtor would be severely prejudiced if it had to go to trial without any expert testimony. In these circumstances, it is appropriate to grant the debtor leave prior to trial to seek court approval of a modification of the

2. Again, while the parties have not specifically addressed the point, I have gleaned from the joint pretrial statement that the case appears to involve Pennsylvania insurance law.

3. This opinion is limited to the evidentiary issue presented and I express no opinion whatsoever with respect to any matters under the Code of Professional Responsibility.

4. I note that the Pennsylvania Supreme Court has stated that disciplinary rules do not provide a basis for altering substantive law, or, (in dictum), rules of evidence. *In re Estate of Pedrick*, 505 Pa. 530, 542–43, 482 A.2d 215, 221 (1984). In this case, however, I do not perceive the

disciplinary rules as altering a rule of evidence. Rather, DR 7–109(C), enacted in 1974, is a more recent expression of the policy concerns set forth in *Belfonte*. Since these concerns relate to the integrity of the fact-finding process at trial, the Code of Professional Responsibility is relevant in evaluating how the Pennsylvania courts would rule on the issue of a witness' competency to testify.

5. Similarly, if Deric does not testify, any pretrial assistance rendered to other witnesses may be raised by Transport as grounds for impeachment of those witnesses. Therefore, I will not bar Deric from assisting the debtor's trial preparation.

order authorizing Deric's employment as a professional and compensation.[6]

An order consistent with this opinion shall be entered.

## ORDER

AND NOW, this 20 day of February, 1987, upon consideration of defendant Transport Insurance Co.'s Motion in Limine to Preclude Debtor from Calling Deric Associates, Inc. As an Expert Witness At Trial and the debtor's response thereto, it is ORDERED that:

1. Deric Associates, Inc. ("Deric") is incompetent to testify at trial at this time due to Deric's contingent fee agreement with the debtor. *See* Fed.R.Civ.P. 601.

2. In all other respects, the motion is DENIED.

3. This order is without prejudice in that the debtor may renew its offer of Deric's testimony in the event that the fee agreement is modified prior to trial.

4. Trial is scheduled for March 26, 1987, at 2:00 P.M. in Bankruptcy Court Room No. 1 (Room 3714).

---

**6.** Alternatively, the debtor may wish to obtain a   different expert witness.